RECEIPT # 54401
AMOUNT $ 150
SUMMONS ISSUED ✓
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 3-9-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL J. RASO )
 )
    Plaintiff, )
 )
vs. ) C.A. No.
 )
FIDELITY BROKERAGE )
SERVICES CO., LLC, )
 ) 04  10471 RCL
    Defendant. )

MAGISTRATE JUDGE Bowler

## COMPLAINT TO CONFIRM ARBITRATION AWARD

### Parties

1. Plaintiff Michael J. Raso is an individual residing in Hingham, Plymouth County, Massachusetts.

2. Defendant is a financial services company with a principal place of business in Boston, Suffolk County, Massachusetts.

### Jurisdiction

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331 since this matter arises under the Federal Arbitration Act, 9 U.S.C. §1, *et seq.*, and specifically under §9.

### Venue

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) since Defendant resides in this District.

## Allegations

5.  Plaintiff was employed by Defendant until May 14, 2002.

6.  Plaintiff was required to sign a Form U-4 (Uniform Application for Securities Industry Registration or Transfer) as a condition of obtaining the registration required by the securities industry. This Form, together with the By-Laws and the Code of Arbitration Procedure of the National Association of Securities Dealers (NASD), required Plaintiff and Defendant to submit any disputes concerning Plaintiff's employment to binding arbitration. Plaintiff and Defendant both entered into arbitration in a proceeding captioned *In the Matter of the Arbitration Between Michael J. Raso (Claimant) v. Fidelity Brokerage Services, LLC (Respondent)*, Case Number 02-06964.

7.  On January 15, 2004, the NASD served notice on the parties that the arbitration panel had issued an Award in favor of Plaintiff. A copy of the Award is annexed hereto as Exhibit A and incorporated herein.

8.  The NASD Code of Arbitration Procedure states that: "Unless the applicable law directs otherwise, all awards rendered pursuant to this Code shall be deemed final and not subject to review or appeal."

9.  Pursuant to Paragraph 3 of the Award, the panel recommended that the CRD (Central Registration Depository) make certain revisions to Plaintiff's Form U-5 submitted by Defendant so that this Form indicates that the reason for termination was "voluntary." The panel stated that this recommendation was being made "with the understanding that pursuant to NASD Notices to Members 99-09 and 99-54,

Claimant must obtain confirmation from a court of competent jurisdiction before CRD will execute the expungement directive."

10. Pursuant to the ruling of the panel, Plaintiff is seeking confirmation of the Award by this Court, pursuant to 9 U.S.C. §9.

WHEREFORE, Plaintiff requests a Judgment confirming the Award of the NASD in favor of Plaintiff, dated January 15, 2004.

/s/ David Rapaport
_____
David Rapaport BBO#411920
Rapaport & Rapaport
One Beacon Street, Suite 3333
Boston, MA 02108
Tel: (617) 227-8989
Attorneys for Plaintiff

Dated: March 9, 2004

3